**ORIGINAL**

# In the United States Court of Federal Claims

No. 12-435
(Filed: November 24, 2015)

**FILED**
NOV 24 2015
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * * * * * *

MATTHEW O. WARD,
      Plaintiff,

v.

THE UNITED STATES,
      Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * *

Military Pay; Pro Bono/Attorney Referral Program.

Matthew O. Ward, Tallahassee, FL, pro se.

Benjamin C. Mizer, Robert E. Kirschman, Jr., Donald E. Kinner, and William P. Rayel, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044, for Defendant.

---

## ORDER REFERRING PRO SE PLAINTIFF TO PRO BONO/ATTORNEY REFERRAL PILOT PROGRAM

---

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss for failure to prosecute. Defendant's motion to dismiss is denied, as the Court is referring this pro se case to the Court of Federal Claims Bar Association Pro Bono/Attorney Referral Pilot Program for the possible representation of Plaintiff by counsel.

### Background and Procedural History

Plaintiff pro se Matthew Ward served as a Captain in the United States Army Judge Advocate General Corps from December 23, 2002, until his medical discharge on July 4, 2006. First Am. Compl. 2; Def.'s Mot. to Dismiss App. 4. Plaintiff was deployed to Iraq in May of 2003, and was stationed at Fort Carson, Colorado, at the time of his discharge, where he served as an attorney for the Trial Defense Service. Def.'s Mot. for J. on the AR 3.

On May 2, 2006, a Medical Evaluation Board ("MEB") found that Plaintiff failed Army retention standards due to severe gastroesophageal reflux disease ("GERD"), and recommended that Plaintiff be referred to a Physical Evaluation Board ("PEB") to determine Plaintiff's fitness

for duty. First Am. Compl. Exs. 1-2. In the MEB's narrative summary, the examining physician noted that Plaintiff indicated some symptoms had started as early as 2000, prior to Plaintiff's enlistment date, but that his symptoms worsened in May of 2003, prior to Plaintiff's deployment to Iraq. Id. at Ex. 2.

On May 10, 2006, the PEB found that Plaintiff's condition pre-dated his enlistment in the Army and had followed a normal course of progression, and recommended that Plaintiff be discharged without disability benefits. Id. at Ex. 4. On DA Form 199, Physical Evaluation Board (PEB) Proceedings, Plaintiff indicated his concurrence with the PEB's findings and waived his right to a formal hearing, by checking an entry stating "I concur and waive a formal hearing of my case." Id.

Plaintiff was medically discharged from the Army on July 4, 2006, without being granted disability severance pay or benefits. Plaintiff filed his complaint in this Court on July 18, 2012, alleging that the Army should have granted him a 60% disability retirement due to his gastrointestinal issues, and a 50% disability retirement based on Post Traumatic Stress Disorder. First Am. Compl. 10. Plaintiff requests that this Court "[e]njoin the Army's decision to discharge [him] without retirement benefits," and that he be awarded disability retirement pay and benefits. Id. at 11.

Defendant filed its motion for judgment on the administrative record on September 4, 2012, and argued that Plaintiff waived his right to judicial review of the PEB's findings by voluntarily waiving his right to undergo a formal PEB review. Defendant also argued that the PEB's decision was rational, legal, and supported by substantial evidence.

On October 9, 2012, Plaintiff filed an unopposed motion requesting that the Court stay proceedings in this matter to allow him to seek administrative relief before the Army Physical Disability Review Board ("APDRB") and/or the Army Board for Correction of Military Records ("ABCMR'). The Court granted Plaintiff's motion.

On October 22, 2013, this Court entered an order requiring the parties to file a joint status report on November 22, 2013, and every 60 days thereafter, to advise the Court of the progress of the administrative proceedings. The parties filed a joint status report on November 21, 2013, reporting that the ABCMR denied Plaintiff's request in October 2013, and that Plaintiff was planning to seek reconsideration of the ABCMR's ruling.

On January 22, 2014, the parties filed a second joint status report, which stated that Plaintiff was gathering additional medical records, as well as his military medical records, and was still planning on seeking reconsideration of the ABCMR's decision.

In the parties' third joint status report, filed on March 20, 2014, the parties informed the Court that the VA was using Plaintiff's records to review an unidentified "claim" that Plaintiff had filed in July of 2013, and anticipated using these records until either June or July of 2014. The parties represented that once the VA's review was complete, the agency would comply with Plaintiff's December, 2013 request for his military medical records, and Plaintiff would then file his request for reconsideration with the ABCMR. Two subsequent joint status reports, filed on May 19, 2014, and July 18, 2014, were identical to the March report.

On November 17, 2014, the parties filed their sixth joint status report, which indicated that Plaintiff was seeking additional time to determine if he had any further administrative remedies available, as his time to request a reconsideration by the ABCMR had run out. It is unclear whether the VA provided Plaintiff with his military medical records prior to Plaintiff's October 9, 2014 deadline to file his request for reconsideration with the ABCMR.[1] On January 12, 2015, the Court issued a scheduling order requested by the parties, providing that Plaintiff's motion for judgment on the administrative record would be due by February 12, 2015.

On March 27, 2015, as neither party had yet filed a motion for judgment on the administrative record, the Court entered an order requesting that the parties file a joint status report by April 15, 2015. In this order the Court recognized that the January 12, 2015 scheduling order that had been sent to Plaintiff had been returned, but that a second copy of that order, sent to an alternate address on January 22, 2015, had not been returned.

On April 15, 2015, the parties filed a joint status report. In this report, Defendant represented that Plaintiff had failed to file his motion for judgment on the administrative record because Plaintiff had been "struggling with Post Traumatic Stress Disorder and depression and is having a difficult time getting out of bed, concentrating, or accomplishing anything. [Plaintiff] also represents that he has experienced family and financial difficulties during the last several months." Joint Status Report 1 (Apr. 15, 2015). Defendant requested that Plaintiff be given until July 15, 2015, to file his motion, as Plaintiff did not "anticipate completing an adequate motion for judgment on the administrative record in the foreseeable future," and was attempting to seek counsel.

On April 21, 2015, this Court entered an order amending its scheduling order and granting Defendant's request that Plaintiff be given until July 15, 2015, to file his motion for judgment on the administrative record. The Court also directed the Clerk of the Court to provide Plaintiff with a list of attorneys admitted to the Court of Federal Claims who were willing to take on military-related cases pro bono. It is unclear whether Plaintiff received this list, or whether the list was sent to Plaintiff's original address or alternate address.

On May 1, 2015, the Court of Federal Claims launched a new pro bono attorney referral program. Under this program, the assigned judge may refer a pro se litigant's case for possible representation. At the outset, the litigant's consent must be obtained. Once consent is given, the assigned judge may issue an order directing the Clerk of the Court to coordinate possible representation with the Court of Federal Claims Bar Association, and staying the case for 60 days, to allow for the identification of possible counsel.

## Conclusion

The Court hereby refers this case to the Court of Federal Claims Bar Association Pro Bono/Attorney Referral Pilot Program for the potential representation of Plaintiff by counsel.

---

[1] Plaintiff's medical records were filed as part of the Supplemental Administrative Record on January 12, 2015.

On or before **January 8, 2016**, Plaintiff shall file a notice indicating whether he consents to referral of this case to the Court of Federal Claims Bar Association Pro Bono/Attorney Referral Pilot Program.

In the event that Plaintiff consents to such referral, the Court makes no representation that the Bar Association will be successful in identifying possible counsel, Plaintiff is not obligated to engage any particular attorney, nor is an attorney obligated to represent Plaintiff. The Court does not endorse representation by any individual attorney. All decisions concerning representation, if any, will be by mutual agreement between Plaintiff and an attorney.

Defendant's motion to dismiss for failure to prosecute is **DENIED**.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Judge**